IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CYNTISHA STEWART, TERRY BROWN, EDUARDO CANTIZZANO, LISA HILL-GREEN, THERESA HILL, YOLANDA JONES, MICHAEL CLARK, and CHRISTOPHER PETERSON,<br><br>*Plaintiffs*,<br><br>v.<br><br>LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC a/k/a LexisNexis Risk Data Management and LEXISNEXIS RISK SOLUTIONS INC.,<br><br>*Defendants*. | Civil Action No.: 3:20-cv-00903-JAG<br><br>CONSOLIDATED WITH:<br>Civil Action Nos.<br>3:22-cv-00036<br>3:22-cv-00042<br>3:22-cv-00046 |

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING CONDITIONAL SETTLEMENT CLASSES, APPOINTING CLASS COUNSEL, APPROVING AND DIRECTING NOTICE PLANS, APPOINTING SETTLEMENT ADMINISTRATOR, AND SCHEDULING FINAL FAIRNESS HEARING**

WHEREAS, the Court has been advised that the Parties to this action, Plaintiffs Cyntisha Stewart, Terry Brown, Eduardo Cantizzano, Lisa Hill-Green, Yolanda Jones, Michael Clark, Christopher Peterson, and Theresa Hill, on behalf of themselves and all others similarly situated (hereinafter referred to as "Plaintiffs"), and LexisNexis Risk Data Management LLC and LexisNexis Risk Solutions Inc. ("Defendants") (collectively, the "Parties"), through their respective counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuit upon the terms and conditions set forth in the Settlement Agreement and Release (hereinafter referred to as the "Agreement"), which

has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

**NOW, THEREFORE**, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed Settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on July 27, 2022 at 9:00 a.m., at 701 E. Broad Street, Richmond, Virginia, 23219, after notice to the proposed Settlement Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Judgment and Order should be entered in this lawsuit:

**IT IS HEREBY ORDERED**:

1. The Court has jurisdiction over the subject matter of the Litigation and over all settling Parties hereto.

2. **RULE 23(b)(2) SETTLEMENT CLASS & SUBCLASS** — Pursuant to Fed. R. Civ. P. 23(b)(2), the Litigation is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Rule 23(b)(2) Settlement Class:

> All persons residing in the United States of America who at any time from July 24, 2013 through the date of Preliminary Approval had: (1) a Lien, Judgment or Landlord Tenant record made publicly available by a government source or a Lien, Judgment or Landlord Tenant related court record included in a Consumer Report furnished by LNRS or (2) a Motor Vehicle Record included in a Consumer File Disclosure by LNRS.

The Litigation is also preliminarily certified, for settlement purposes only, as a class action on behalf of the following Rule 23(b)(2) Settlement Subclass:

> Members of the Rule 23(b)(2) Settlement Class who only had a Motor Vehicle Record included in a Consumer File Disclosure by LNRS.

Unless expressly stated otherwise, whenever this Order refers to the Rule 23(b)(2) Settlement Class, the Rule 23(b)(2) Settlement Subclass is also included.

3. **PRELIMINARY CERTIFICATION OF RULE 23(b)(2) SETTLEMENT CLASS** — The Court preliminarily finds that the Litigation and Rule 23(b)(2) Settlement Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

   A. The Rule 23(b)(2) Settlement Class Members are so numerous that joinder of all of them in the lawsuit is impracticable;

   B. There are questions of law and fact common to the Rule 23(b)(2) Settlement Class Members, which predominate over any individual questions;

   C. The claims of the Named Plaintiffs are typical of the claims of the Rule 23(b)(2) Settlement Class Members;

   D. The Named Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Rule 23(b)(2) Settlement Class Members; and

   E. Defendants have acted on grounds generally applicable to the class as a whole. The Litigation arises from Defendants' practices concerning the retrieval, reporting and sale of Judgment, Lien and Landlord Tenant records as well as the inclusion of certain Motor Vehicle Records on Consumer File Disclosures. While Defendants maintain that they have always acted in compliance with the law, the fact that the Agreement modifies Defendants' conduct as to the Rule 23(b)(2) Settlement Class as a whole makes it appropriate for certification under Rule 23(b)(2). The Court further finds that the statutory damages under the FCRA that

3

are released by the settlement are incidental to the injunctive relief. Any claims that Rule 23(b)(2) Settlement Class members may have for actual damages or punitive damages under the FCRA are preserved by the Agreement and thus do not preclude certification under Rule 23(b)(2). Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(2) are satisfied.

4. If the proposed Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Rule 23(b)(2) Settlement Class shall be decertified; the Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Agreement and all associated proceedings had not been negotiated, made, or filed with the Court; and Defendants may petition the Court to return the Transferred Cases to their respective originating courts, to which Plaintiffs will not object, and the Parties agree that the Transferred Cases will return to the status quo ante as of September 15, 2021.

5. **RULE 23(b)(3) SETTLEMENT CLASS** — Pursuant to Fed. R. Civ. P. 23(b)(3), the Litigation is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Rule 23(b)(3) Settlement Class:

> All individuals in the United States who disputed a lien or judgment record with LNRS (either directly or indirectly via a reseller) from July 24, 2016, through December 31, 2021. Excluded are counsel of record (and their respective law firms) for any of the Parties, employees of Defendants, and any judge presiding over this litigation and their staff, and all members of their immediate family.

6. There are approximately 23,000 Rule 23(b)(3) Settlement Class Members.

7. **PRELIMINARY CERTIFICATION OF RULE 23(b)(3) SETTLEMENT CLASS** — The Court preliminarily finds that the Litigation and Rule 23(b)(3) Settlement Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

A. The Rule 23(b)(3) Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Rule 23(b)(3) Settlement Class Members, which predominate over any individual questions;

C. The claims of the Named Plaintiffs are typical of the claims of the Rule 23(b)(3) Settlement Class Members;

D. The Named Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Rule 23(b)(3) Settlement Class Members; and

E. The Court finds that as to this Rule 23(b)(3) Settlement Class, class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(3) are satisfied.

8. If the proposed Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Rule 23(b)(3) Settlement Class shall be decertified; the Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or

construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Agreement and all associated proceedings had not been negotiated, made, or filed with the Court; and Defendants may petition the Court to return the Transferred Cases to their respective originating courts, to which Plaintiffs will not object, and the Parties agree that the Transferred Cases will return to the status quo ante as of September 15, 2021.

9. **CLASS REPRESENTATIVE APPOINTMENT** — Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiffs Theresa Hill, Cyntisha Stewart, Terry Brown, Lisa Hill-Green, Michael Clark, and Yolanda Jones as the class representatives for the Rule 23(b)(2) Settlement Class. The Court preliminarily certifies Plaintiffs Cyntisha Stewart, Terry Brown and Lisa Hill-Green as the class representatives for the Rule 23(b)(2) Settlement Subclass. The Court further preliminarily certifies Plaintiffs Eduardo Cantizzano and Christopher Peterson as the class representatives for the Rule 23(b)(3) Settlement Class. The Court finds that the Named Plaintiffs have no interests that are adverse or antagonistic to the interests of the Rule 23(b)(2) Settlement Class or the Rule 23(b)(3) Settlement Class. Both the Named Plaintiffs and the Rule 23(b)(2) Settlement Class Members share the common interest of obtaining certain rights and benefits concomitant with Defendants' practices concerning the retrieval, reporting and sale of Judgment, Lien and Landlord Tenant records as well as the inclusion of certain Motor Vehicle Records on Consumer File Disclosures. Each Rule 23(b)(3) Settlement Class Member will benefit from the Settlement Fund, from which payments of attorneys' fees, costs and Service Awards will also be covered. The proposed settlement also preserves the right of Rule 23(b)(3) Settlement Class Members to opt out of the monetary relief settlement and preserves the right of all Rule 23(b)(2)

Settlement Class Members to bring individual suits for actual damages or punitive damages if they wish.

10. **CLASS COUNSEL APPOINTMENT** — Having considered the work Class Counsel has done in identifying and investigating potential claims in this Litigation, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this Litigation, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the classes, the following attorneys are designated Class Counsel under Rule 23(g)(1): Leonard Bennett, Craig Marchiando, Drew Sarrett, and Kevin Dillon of Consumer Litigation Associates, P.C., Kristi Kelly, J. Patrick McNichol, Casey Nash and Andrew Guzzo of Kelly Guzzo PLC, E. Michelle Drake of Berger Montague PC, James Francis of Francis Mailman Soumilas P.C., and Keith Keogh of Keogh Law Ltd.

11. **THIRD-PARTY SETTLEMENT ADMINISTRATOR** — The Parties have proposed Angeion Group, LLC as the Settlement Administrator for the Rule 23(b)(2) and Rule 23(b)(3) Settlement Classes. The Court has reviewed the materials about this organization and concludes that it has extensive and specialized experience and expertise in class action settlements and notice programs. The Court hereby appoints Angeion Group, LLC as the Settlement Administrator, to assist and provide professional guidance in the implementation of the notice plans and other aspects of the settlement administration. Angeion Group, LLC shall also be responsible for maintaining any records of, and keeping the Court and the Parties apprised of, any objections or written statements filed by any Settlement Class Member or government officials.

12. **CLASS NOTICE** — The Court approves the form and substance of the Notice Plan proposed in the Agreement and the notices of class action settlement, attached as Exhibits B-E to the Agreement. The proposed forms and methods for notifying the proposed Settlement Class

7

Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notices concisely and clearly state, in plain, easily understood language, the nature of the action; the definition of the classes certified; the class claims, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; and the binding effect of a class judgment on class members. Such notice of a Rule 23(b)(2) class settlement and Rule 23(b)(3) class settlement is designed to reach a significant number of class members and is otherwise proper under Rule 23(e)(1).

Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits. The Court finds that the notice plans constitute reasonable notice under Rule 23(e)(1) and satisfies due process. The cost of the notice plans shall be paid by the Defendants according to the terms of the Agreement.

13. **EXCLUSIONS FROM RULE 23(b)(3) SETTLEMENT CLASS AND OBJECTIONS TO THE RULE 23(B)(3) SETTLEMENT** — As soon as practicable but no later than March 30, 2022, the Settlement Administrator will send the Mail Notice via U.S. mail, postage prepaid requesting either forwarding service or change service to each Rule 23(b)(3) Settlement Class Member identified on the Class List. No later than seven days before the final fairness hearing in this Litigation, the Settlement Administrator will file proof of the mailing of the Mail Notice with the Court.

    A. Any proposed Rule 23(b)(3) Settlement Class Member who desires to be excluded from the Rule 23(b)(3) Settlement Class must send a written request for exclusion

to the Settlement Administrator at "*Lien & Judgment Dispute Settlement Administrator*, ATTN: Exclusion Request, PO Box 58220, Philadelphia, PA 19102", with a postmark date no later than June 30, 2022. To be effective, the written request for exclusion must contain:

i. The caption of the Litigation: *Stewart, et al. v. LexisNexis Risk Data Retrieval Services, LLC, et al.*, No. 3:20-cv-00903 (E.D. Va.);

ii. The class member's name, original signature, current postal address, and current telephone number; and

iii. A statement that the proposed Rule 23(b)(3) Settlement Class Member wants to be excluded from the class of Rule 23(b)(3) Settlement Class Members.

Any proposed Rule 23(b)(3) Settlement Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Rule 23(b)(3) Settlement.

B. Any Rule 23(b)(3) Settlement Class Member who does not opt out who wishes to object to the Rule 23(b)(3) Settlement may do so by filing it with the Court no later than June 30, 2022. A copy of the objection must also be mailed to the Settlement Administrator at "*Lien & Judgment Dispute Settlement Administrator*, ATTN: Objections, PO Box 58220, Philadelphia, PA 19102."

C. Any objection must include all of the following:

i. The caption of the Litigation: *Stewart, et al. v. LexisNexis Risk Data Retrieval Services, LLC, et al.*, No. 3:20-cv-00903 (E.D. Va.);

ii. The objecting Rule 23(b)(3) Settlement Class Member's name, address, and telephone number; and

9

  iii. A written statement detailing the specific basis for each objection.

D. An objection submitted through an attorney must contain, in addition to the information set forth in Section 13(C):

  i. The identity, mailing address, email address, fax number, phone number for the counsel by whom the Rule 23(b)(3) Settlement Class Member is represented;

  ii. A statement of whether the objecting Rule 23(b)(3) Settlement Class Member intends to appear at the Final Fairness Hearing; and

  iii. A written statement detailing the specific basis for each objection, including any legal and factual support that the objecting Rule 23(b)(3) Settlement Class Member wishes to bring to the Court's attention and any evidence the objecting Rule 23(b)(3) Settlement Class Member wishes to introduce in support of the objection.

E. Either Party may respond to an objection.

F. Any lawyer who intends to appear or speak at the final approval hearing on behalf of a member of the Rule 23(b)(3) Settlement Class must enter a written notice of appearance of counsel with the Clerk of the Court no later than June 30, 2022.

G. Any objector to the Rule 23(b)(3) Settlement who does not properly and timely object in the manner set forth above will not be allowed to appear at the final approval hearing and will not be allowed to object to or appeal the final approval of the proposed Settlement, the dismissal of the case, any award of attorneys' fees and expenses to Class Counsel, or any service awards to the Named Plaintiffs.

H. Rule 23(b)(3) Settlement Class members who file exclusions may not object to the Settlement.

14. **OBJECTIONS TO THE RULE 23(B)(2) SETTLEMENT** — Any Rule 23(b)(2) Settlement Class Member, or a representative of a government entity, who wishes to object to the Settlement may do so by mailing a copy of the objection to the Settlement Administrator at "*Lien & Judgment Dispute Settlement Administrator*, ATTN: Objections, PO Box 58220, Philadelphia, PA 19102", with a postmark date no later than June 30, 2022. All properly submitted objections shall be considered by the Court.

A. The objection must include all of the following:

   i. The caption of the Litigation: *Stewart, et al. v. LexisNexis Risk Data Retrieval Services, LLC, et al.*, No. 3:20-cv-00903 (E.D. Va.);

   ii. The objector's name, address, and telephone number; and

   iii. A written statement detailing the specific basis for each objection.

B. An objection submitted through an attorney must contain, in addition to the information set forth in Section 14(A):

   i. The identity, mailing address, email address, fax number, phone number for the counsel by whom the Rule 23(b)(2) Settlement Class Member is represented;

   ii. A statement of whether the objecting Rule 23(b)(2) Settlement Class Member intends to appear at the Final Fairness Hearing; and

   iii. A written statement detailing the specific basis for each objection, including any legal and factual support that the objecting Rule 23(b)(2) Settlement Class Member wishes to bring to the Court's attention and any evidence the

        objecting Rule 23(b)(2) Settlement Class Member wishes to introduce in support of the objection.

   C. Either Party may respond to an objection.

   D. Any objector to the Rule 23(b)(2) Settlement who does not properly and timely object in the manner set forth above will not be allowed to appear at the final approval hearing and will not be allowed to object to or appeal the final approval of the proposed Settlement, the dismissal of the case, any award of attorneys' fees and expenses to Class Counsel, or any service awards to the Named Plaintiffs.

15. **PRELIMINARY APPROVAL OF THE SETTLEMENT** — Under Rule 23(e)(1) the Court will approve a class action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1). At the preliminary approval step, the Court is required to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *See* David F. Herr, ANNOTATED MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2004). A proposed settlement should be preliminarily approved if it "is within the range of possible approval, or in other words, whether there is probable cause to notify the class of the proposed settlement." *Funkhouser v. City of Portsmouth, Virginia*, Case No. 2:13-cv-520, 2015 U.S. Dist. LEXIS 191664, at *5 (E.D. Va. May 14, 2015) (citation omitted). Following notice to the class and after hearing from any potential objectors, the Court will make a final decision whether to approve the proposed Settlement. *See* ANNOTATED MANUAL FOR COMPLEX LITIGATION §§ 21.633-35. Although the Court will not make a final decision regarding approval of the Agreement until later at the final approval hearing, the Court is well aware that its preliminary approval of the proposed Settlement here will result in notice of the settlement being provided to the Settlement Class Members.

The Court preliminarily finds that the settlement of the Litigation, on the terms and conditions set forth in the Agreement subject to the revision identified in Section 16 below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Classes; and the limited amount of any potential total recovery for Settlement Class Members if the Litigation continued.

16. **SUNSET DATE** — The Agreement identifies a Sunset Date of "seven years from the Effective Date or June 30, 2028." Based upon the filing date of the Motion for Preliminary Approval (Dkt. No. 56), and upon the request of the Parties, the Court modifies the Sunset Date in the Agreement to the earlier of seven years from the Effective Date or June 30, 2029. The Court hereby orders that the notices to Settlement Class Members reflect this revised Sunset Date.

17. **FINAL APPROVAL** — The Court shall conduct a hearing (hereinafter referred to as the "Final Fairness Hearing") on July 27, 2022, at 701 East Broad Street, Richmond, VA 23219, commencing at 9:00 a.m., to review and rule upon the following issues:

    A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

    B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court;

    C. Whether the Final Judgment and Order, as provided under the Agreement, should be entered, dismissing the Litigation with prejudice and releasing the Released Claims against the Released Parties; and

    D. To discuss and review other issues as the Court deems appropriate.

18. Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

19. Applications for attorneys' fees and reimbursement of costs and expenses by Class Counsel, as well as applications for Service Awards, shall be filed with the Court no later than June 9, 2022. Further submissions by the Parties, including memoranda in support of the proposed Settlement and responses to any objections, shall be filed with the Court no later than July 7, 2022.

20. The Court may (i) approve the Agreement, with such modifications as may be agreed to by the Parties, without further notice; and (ii) adjourn the final approval hearing from time to time, by oral announcement at the hearing without further notice. The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or in connection with the proposed Settlement.

21. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Settlement, including the administration and enforcement of the Agreement.

22. The Motion for Preliminary Approval (Dkt. No. 56) is **GRANTED**, consistent with this Order.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

Dated: 25 February 2022

/s/
John A. Gibney, Jr.
Senior United States District Judge
HON. JOHN A. GIBNEY, JR.
SENIOR UNITED STATES DISTRICT JUDGE