UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

CYNTISHA STEWART, TERRY BROWN,
EDUARDO CANTIZZANO, LISA
HILL-GREEN, THERESA HILL, YOLANDA
JONES, MICHAEL CLARK, and
CHRISTOPHER PETERSON,

    *Plaintiffs*,

v.

LEXISNEXIS RISK DATA RETRIEVAL
SERVICES LLC a/k/a LexisNexis Risk Data
Management and LEXISNEXIS RISK
SOLUTIONS INC.,

    *Defendants*.

Civil Action No.: 3:20cv903-JAG

## ORDER GRANTING
## FINAL APPROVAL OF RULE 23(b)(3) SETTLEMENT

Plaintiffs submitted to the Court a Motion for Final Approval of Class Action Settlement and for Attorneys' Fees, Costs, and Class Representative Service Awards seeking final approval of the Settlement Agreement and Release (the "Agreement"), and the exhibits attached thereto, entered into by and between Plaintiffs and Defendants.[1] (ECF Nos. 75, 80.) Defendants do not oppose Plaintiffs' Motion.

By Order dated February 25, 2022, this Court entered an Order that preliminarily approved the Agreement and conditionally certified the Rule 23(b)(3) Settlement Class for settlement purposes only (the "Preliminary Approval Order"). (ECF No. 70.) In compliance with the Class

---

[1] Plaintiffs filed a Motion for Final Approval of Rule 23(b)(3) Settlement and a Motion for Final Approval of Rule 23(b)(2) Settlement. (ECF Nos. 78, 80.) The Rule 23(b)(2) and Rule 23(b)(3) Settlements are both encompassed in the single Settlement Agreement and Release, dated January 20, 2022. (*See* ECF No. 57-1.)

Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendants served written notice of the proposed class settlement on the United States Attorney General and the appropriate state Attorneys General. Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this Court having considered all papers filed and proceedings had herein, and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Final Approval Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter and, for purposes of this Settlement only, personal jurisdiction over all the Parties, including all Rule 23(b)(3) Settlement Class Members.

3. Pursuant to Federal Rule of Civil Procedure 23, and consistent with Due Process, the Court finds that the settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases and defenses; the complexity, expense, and probable duration of further litigation; and the risk and delay inherent in possible appeals; and the risk of collecting any judgment obtained on behalf of the Settlement Class.

4. Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court hereby certifies the following Rule 23(b)(3) Settlement Class solely for purposes of effectuating this Settlement:

> All individuals in the United States who disputed a lien or judgment record with LNRS (either directly or indirectly via a reseller) from July 24, 2016, through December 31, 2021. Excluded are counsel of record (and their respective law firms)

for any of the Parties, employees of Defendants, and any judge presiding over this litigation and their staff, and all members of their immediate family.

5. For purposes of this Settlement only, this Court finds and concludes that: (a) the Settlement Class is so numerous that joinder of all individuals in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all individuals in the Settlement Class; (e) classwide issues predominate over any individualized issues; and (f) a class action is superior to any other method of litigating these claims.

6. Notice to the Settlement Class was provided pursuant to the Court's Preliminary Approval Order. The form and method for notifying the class members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order, satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(A) and due process, and was appropriate under the circumstances of the case.

7. Only one objection to the substantive fairness of the Rule 23(b)(3) Settlement was timely filed by any Class Member. The lone objection was asserted by Matt Crowe. The matter was called and neither Mr. Crowe nor any person on his behalf appeared. The Court considered and overruled Mr. Crowe's objection consistent with the Court's finding in this Order that the settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class Members.

8. Five Class Members opted out of the Settlement: Loretta Young, Semone Harvey, Mark Anzivino, Princess Obienu, and Michael Young.

9. The Court hereby DISMISSES WITH PREJUDICE on the merits, without costs or attorneys' fees (except as otherwise provided in the Agreement and herein), the Rule 23(b)(3)

3

Settlement Class Released Claims against Defendants (subject to retention of jurisdiction to enforce the Agreement).

10. Each Class Representative, each Plaintiff, and each Rule 23(b)(3) Settlement Class Member, and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors, assigns and all persons acting or purporting to act on their behalf acknowledge full satisfaction of, and shall be conclusively deemed to have fully, finally and forever settled, released and discharged all of the Released Parties, of and from all claims arising before the Effective date whether known or unknown, matured or unmatured, foreseen or unforeseen, suspected or unsuspected, accrued or unaccrued which they ever had or now has, including but not limited to, all claims resulting from, arising out of, or in any way connected to the Litigation or its underlying subject matter.

11. Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against any and all of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

12. Plaintiffs and Class Counsel have moved for a service award for the Class Representatives in the amount of $10,000 each for Rule 23(b)(3) Plaintiffs Christopher Peterson and Eduardo Cantizzano. The Court hereby GRANTS the motion and AWARDS these amounts as requested, which shall be paid in accordance with the Agreement.

13. Plaintiffs and Class Counsel have moved for an award of attorneys' fees (including costs and expenses) in the amount of $7,095,000 dollars to be paid from the common fund created for the benefit of Rule 23(b)(3) Settlement Class Members. The Court hereby GRANTS the motion and AWARDS attorneys' fees in the amount of $7,095,000, which shall be paid in

4

accordance with the Agreement.

14. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of this Agreement and the Settlement. Class Counsel are to continue in their role to oversee all aspects of the Settlement defined in the Agreement. Upon notice to Class Counsel, Defendants may seek from this Court, pursuant to 28 U.S.C. § 1651(a) and Section 8.4 of the Agreement, such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order.

15. If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

Let the Clerk send a copy of this Final Approval Order to all counsel of record.

IT IS SO ORDERED.

/s/
John A. Gibney, Jr.
Senior United States District Judge
_____
John A. Gibney, Jr.
Senior United States District Judge

Richmond, Virginia
July 27, 2022