UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

CYNTISHA STEWART, TERRY BROWN, EDUARDO CANTIZZANO, LISA HILL-GREEN, THERESA HILL, YOLANDA JONES, MICHAEL CLARK, and CHRISTOPHER PETERSON,

*Plaintiffs*,

v.

LEXISNEXIS RISK DATA RETRIEVAL SERVICES LLC a/k/a LexisNexis Risk Data Management and LEXISNEXIS RISK SOLUTIONS INC.,

*Defendants*.

Civil Action No.: 3:20cv903-JAG

## ORDER GRANTING
## FINAL APPROVAL OF RULE 23(b)(2) SETTLEMENT

Plaintiffs submitted to the Court a Motion for Final Approval of Class Action Settlement and for Attorneys' Fees, Costs, and Class Representative Service Awards seeking final approval of the Settlement Agreement and Release (the "Agreement"), and the exhibits attached thereto, entered into by and between Plaintiffs and Defendants.[1] (ECF Nos. 74, 78.) Defendants do not oppose Plaintiffs' Motion.

By Order dated February 25, 2022, this Court entered an Order that preliminarily approved the Agreement and conditionally certified the Rule 23(b)(2) Settlement Class for settlement purposes only (the "Preliminary Approval Order"). (ECF No. 70.) In compliance with the Class

---

[1] Plaintiffs filed a Motion for Final Approval of Rule 23(b)(3) Settlement and a Motion for Final Approval of Rule 23(b)(2) Settlement. (ECF Nos. 78, 80.) The Rule 23(b)(2) and Rule 23(b)(3) Settlements are both encompassed in the single Settlement Agreement and Release, dated January 20, 2022. (*See* ECF No. 57-1.)

Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendants served written notice of the proposed class settlement on the United States Attorney General and the appropriate state Attorneys General. Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this Court having considered all papers filed and proceedings had herein, and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Final Approval Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter and, for purposes of this Settlement only, personal jurisdiction over all the Parties, including all Rule 23(b)(2) Settlement Class Members.

3. Pursuant to Federal Rule of Civil Procedure 23, and consistent with Due Process, the Court finds that the settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases and defenses; the complexity, expense, and probable duration of further litigation; and the risk and delay inherent in possible appeals; and the risk of collecting any judgment obtained on behalf of the Settlement Class.

4. Pursuant to Federal Rule of Civil Procedure 23(b)(2), this Court hereby certifies the following Rule 23(b)(2) Settlement Class and Subclass solely for purposes of effectuating this Settlement:

> Rule 23(b)(2) Settlement Class: All persons residing in the United States of America who at any time from July 24, 2013 through the date of Preliminary

Approval had: (1) a Lien, Judgment or Landlord Tenant record made publicly available by a government source or a Lien, Judgment or Landlord Tenant related court record included in a Consumer Report furnished by LNRS or (2) a Motor Vehicle Record included in a Consumer File Disclosure by LNRS.

Rule 23(b)(2) Settlement Subclass: Members of the Rule 23(b)(2) Settlement Class who only had a Motor Vehicle Record included in a Consumer File Disclosure by LNRS.

5. For purposes of this Settlement only, this Court finds and concludes that: (a) the Settlement Class is so numerous that joinder of all individuals in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all individuals in the Settlement Class; and (e) that Defendants have acted on grounds that apply generally to the Rule 23(b)(2) Settlement Class, so that the Settlement's injunctive relief is appropriate respecting the Class as a whole.

6. Notice to the Settlement Class was provided pursuant to the Court's Preliminary Approval Order. The form and method for notifying the class members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order, satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(A) and due process, and was appropriate under the circumstances of the case.

7. No objections to the substantive fairness of the Rule 23(b)(2) Settlement were timely filed by any Class Member.

8. The Court hereby dismisses with prejudice on the merits, and subject to the Parties' Injunctive Relief Order (ECF 73-1) which the Court will separately enter, without costs or attorneys' fees (except as otherwise provided in the Agreement and herein) the Rule 23(b)(2) Settlement Class Released Claims against Defendants (subject to retention of jurisdiction to

enforce the Agreement).

9. Each Class Representative, each Plaintiff and each Rule 23(b)(2) Settlement Class Member, and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors, assigns and all persons acting or purporting to act on their behalf acknowledge full satisfaction of, and shall be conclusively deemed to have fully, finally and forever settled, released and discharged all of the Released Parties of and from any and all legal or equitable claims for statutory damages based on the FCRA or any FCRA State Equivalents arising before the Effective Date whether known or unknown, matured or unmatured, foreseen or unforeseen, suspected or unsuspected, accrued or unaccrued which the Rule 23(b)(2) Settlement Class Members ever had or now has.

10. Each Class Representative, each Plaintiff and each Rule 23(b)(2) Settlement Class Member, and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors, assigns and all persons acting or purporting to act on their behalf also waive their right to pursue any claims pursuant to the FCRA or FCRA State Equivalents on a class basis arising on or before the Effective Date against the Released Parties that were or could have been brought in the Litigation (and that are not otherwise released and discharged by the Agreement), using the class action procedural device or as a mass action.

11. Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against any and all of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

12. Plaintiffs and Class Counsel have moved for a service award for the Class Representatives in the amount of $15,000 for Rule 23(b)(2) Plaintiff Theresa Hill, and $10,000

4

each for Rule 23(b)(2) Plaintiffs Cyntisha Stewart, Terry Brown, Lisa Hill-Green, Yolanda Jones, and Michael Clark. The Court hereby GRANTS the motion and AWARDS these amounts as requested, which shall be paid in accordance with the Agreement.

13. Plaintiffs and Class Counsel have moved for an award of attorney's fees (including costs and expenses) in the amount of $2,785,000 dollars. The Court hereby GRANTS the motion and AWARDS attorneys' fees in the amount of $2,785,000, which shall be paid in accordance with the Agreement.

14. As part of the Settlement, the Court hereby orders that Defendants implement the injunctive relief defined in the Parties' Injunctive Relief Order, which the Court will separately enter.

15. The Rule 23(b)(2) Settlement Class, excluding the Rule 23(b)(2) Settlement Subclass, agrees that so long as Defendants comply with the Injunctive Relief and during its pendency through the Sunset Date, Defendants shall be deemed to employ reasonable collection frequency and procedures to comprehensively collect Judgment and Lien Subsequent Case Update Events to assure maximum possible accuracy of Consumer Reports as that phrase is used in 15 U.S.C. § 1681e(b) as related to Judgment and Lien records.

16. Though Plaintiffs have disputed such contentions, Defendants believe the claims alleged in the Litigation do not lie with respect to the provision of Public Records from LNRDM's Oklahoma Database because of the unique manner in which LNRDM collects such data, disclaims the association of any record to any particular consumer, and leaves to its customers the decision about whether or not the record can be linked to a particular consumer, and if so, to whom. In addition, LNRDM provides a service to its customers in which LNRDM will collect and transmit records of a specific case. These two kinds of communications are "unattributed data." In

5

consideration for the heightened protections that will be accomplished though the Injunctive Relief, members of the Rule 23(b)(2) Settlement Class, excluding the Rule 23(b)(2) Settlement Subclass, for purposes of this Settlement agree that from the Effective Date until the Sunset Date, LNRDM's communication of unattributed data alone shall not cause that data to be characterized as Consumers Reports. Nor shall the transmission of such data alone cause LNRDM to be characterized as a consumer reporting agency, within the meaning of the FCRA or FCRA State Equivalents. The Rule 23(b)(2) Settlement Class agrees to this because of the distinct and unique way in which LNRDM provides data to its customers. Nothing in this Settlement Agreement shall amount to an admission or concession by Rule 23(b)(2) Settlement Class Members or Class Counsel that the sale of Public Records in bulk by parties other than LNRDM or the sale (if any) of data other than unattributed data by LNRDM necessarily falls outside the FCRA.

17. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of this Agreement and the Settlement. Class Counsel are to continue in their role to oversee all aspects of the Settlement defined in the Agreement. Upon notice to Class Counsel, Defendant may seek from this Court, pursuant to 28 U.S.C. § 1651(a) and section 8.4 of the Agreement, such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order.

18. If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in

connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

Let the Clerk send a copy of this Final Approval Order to all counsel of record.

IT IS SO ORDERED.

/s/
John A. Gibney, Jr.
Senior United States District Judge

John A. Gibney, Jr.
Senior United States District Judge

Richmond, Virginia

July 27, 2022